Filed 3/26/15  P. v. Orozco CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANGEL OROZCO,<br><br>          Defendant and Appellant. | A140569, A140714<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-603260, SCR-632425, SCR-633535) |

Jose Angel Orozco was charged with 10 counts and pleaded no contest to three of them.  Count X, one of the counts to which Orozco pleaded no contest, was for a violation of Penal Code[1] section 666.5, subdivision (a).  Orozco argues the sentence imposed for count X must be reversed because section 666.5 describes a sentencing scheme, not an offense, and because he did not admit to a prior felony conviction, a necessary element for the imposition of a sentence under section 666.5, subdivision (a).  We find the arguments unavailing and affirm.

## I.  BACKGROUND

Between February and May 2013, various people in and around Sonoma County reported incidents of stolen property, including stolen automobiles, electrical wire, power tools, trailers, and jewelry.  Orozco had been seen at the locations from which the property was taken, and some of the stolen property was found in storage units rented by Orozco.  Orozco was charged with 10 counts, and pled no contest to counts II, VII,

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

and X.  Count X is at issue here.  In the operative charging complaint, count X states Orozco violated section 666.5 in that "he did unlawfully buy and receive FLAT BED TRAILER . . . ; 1987 PICKUP TRUCK . . . ; 1995 BRACO CARGO TRAILER . . . and [*sic*] had been obtained in a manner constituting theft and extortion, knowing the property to be stolen and obtained, and did conceal, sell, withhold, and aid in concealing, selling and withholding said property."  The complaint also alleged Orozco was previously convicted for a violation of Vehicle Code section 10851, subdivision (a), and he served a prison term as described in Penal Code section 667.5, subdivision (b) for that offense. The court imposed a six-year term on count X, which the court described as "the middle term doubled because of the strike."

## II.  DISCUSSION

Count X alleges Orozco violated section 666.5, which provides:  "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code, . . . or a felony violation of Section 496d . . . , is subsequently convicted of any of these offenses shall be punished by imprisonment . . . for two, three, or four years."  (*Id.*, subd. (a).)  Orozco contends his plea of no contest to count X does not constitute a conviction for an offense since section 666.5 merely sets forth a sentencing scheme.  We agree the charging complaint identifies the wrong statute, but that defect does not warrant reversal.

As Orozco concedes, an accusatory pleading need not specify the code section under which a defendant is charged, and even a reference to the wrong code section may be viewed as immaterial.  (*People v. Gerber* (2011) 196 Cal.App.4th 368, 388.)  Under section 952, "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified."  Further, section 960 provides:  "No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."  "[R]easonable doubts in determining the identity

2

of the offense charged are to be resolved in the defendant's favor." (*People v. Schueren* (1973) 10 Cal.3d 553, 558.)

Here, resolving all reasonable doubts in Orozco's favor, the crime charged in count X is clearly the purchase or receipt of stolen vehicles and trailers with knowledge the property was stolen. No speculation is necessary as the charging complaint specifically describes the offense, and the language used in the complaint is substantially similar to section 496d, which is referenced by section 666.5 and does define a punishable offense. Specifically, section 496d, subdivision (a) states: "Every person who buys or receives any motor vehicle . . . [or] any trailer . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle [or] trailer . . . shall be punished by imprisonment." Accordingly, there is no support for Orozco's contention that the charging complaint failed to specify in any way what offense he was charged with in count X.[2]

Orozco also argues that even if he pleaded no contest to an offense in count X, his plea still does not establish all of the facts necessary for the imposition of a sentence under section 666.5, subdivision (a). In relevant part, that statute requires the prosecution to prove (1) the defendant violated Vehicle Code section 10851 or Penal Code section 496d, and (2) the defendant has been previously convicted of a felony violation of one of these provisions. (§ 666.5, subd. (a).) Orozco asserts his sentence must be overturned because he did not admit his prior conviction for violating Vehicle Code section 10851, subdivision (a) was a felony. Not so. The allegations of the charging complaint, to which Orozco pleaded no contest, assert he was previously convicted for

_____

[2] Orozco's contention that the trial court failed to specify the offense at the plea hearing also lacks merit. At the hearing, the trial court expressly referenced count X and described the offense as follows: "[O]n the 1st day of May, 2013, you violated section 666.5 of the Penal Code in that you had in your possession a flat bed trailer . . . , a 1987 pickup truck . . . , a 1995 Braco cargo trailer . . . and that . . . property had been stolen and you knew it had been stolen." Orozco then pleaded no contest to these allegations.

violating section 10851, subdivision (a), and that he served a prison term described in Penal Code section 667.5, subdivision (b) for that offense.  As section 667.5, subdivision (b) describes the prison term for certain felonies, it can be inferred Orozco admitted to a prior felony violation of Vehicle Code section 10851.[3]

### III.  DISPOSITION

The judgment is affirmed.

---

[3] Orozco suggests the content of the charging complaint is irrelevant since he did not admit to the prior prison term allegation in open court at the plea hearing.  But at the plea hearing, Orozco did admit he suffered a conviction for a violation of Vehicle Code section 10851.  To the extent there was any ambiguity in this admission, Orozco clarified it in his sentencing brief, where he "admitted a prior prison commitment pursuant to Penal Code Section 667.5[, subdivision] (b), from March 1, 2006, for violation of Vehicle Code Section 10851[, subdivision] (a)."

4

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Dondero, J.